IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-00-299 |
| | § | |
| GUMARO GONZALEZ, | § | |
| Defendant-Movant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING "MOTION FOR SENTENCING ADJUSTMENT"

On November 24, 2006, the Clerk's office received a motion from Defendant Gumaro Gonzalez ("Gonzalez") titled as a "Motion for Sentencing Adjustment." (D.E. 36). In it, Gonzalez explains that he was sentenced by this Court to 76 months and is currently serving his term in the custody of the Bureau of Prisons ("BOP"). Because of his status as a deportable alien, he contends that he is ineligible to serve any portion of his sentence in a minimum security facility, halfway house, or other community custody program, including home confinement. He claims that his ineligibility for these programs or placements means that he is serving his sentence "under circumstances more severe than those facing citizens under similar circumstances." (D.E. 36 at 1).

He also contends that his lack of United States citizenship will result in him being further incarcerated in an INS detention facility while awaiting deportation, thereby effectively extending his incarceration. (D.E. 36 at 4). Thus, he argues that he faces a more severe sentence than United States citizens who committed the same offense and received

1

the same guideline sentence as he did. (Id. at 3).

Gonzalez asks that the Court "downwardly depart" one offense level because he agrees to stipulate to his own deportation. He also asks that the Court grant him a downward departure of ten percent of his sentence. As discussed herein, the Court construes Gonzalez's motion as a motion to reduce sentence. For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On September 13, 2000, Gonzalez was charged in a single-count indictment with knowingly and intentionally possessing with intent to distribute approximately 180 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). He pleaded not guilty and the case was tried to a jury on October 2, 2001 and October 3, 2001. (D.E. 19-25). The jury returned a guilty verdict on October 3, 2001. (D.E. 25).

On December 12, 2001, the Court sentenced Gonzalez to 76 months in the custody of the Bureau of Prisons, to be followed by a four-year supervised release term, and imposed a $2,500 fine and a $100 special assessment. (D.E. 30, 31). Judgment was entered on December 17, 2001. (D.E. 31). Gonzalez timely appealed (D.E. 32), and the Fifth Circuit dismissed his appeal on April 9, 2002. (D.E. 33). His "Motion for Sentencing Adjustment" was received by the Clerk on October 24, 2006. (D.E. 36).

## II. ANALYSIS

### A.   Characterization of Motion

At the outset, the Court is tasked with determining how to construe Gonzalez's

motion, adhering to the principle that *pro se* pleadings are to be construed liberally. United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996). Notably, Gonzalez does not ask for relief pursuant to 28 U.S.C. § 2255.[1] Moreover, he is not challenging his conviction or sentence on the grounds that it was improper, nor does he assert cognizable grounds for relief under 28 U.S.C. § 2255. Instead, he is asking for a reduction in sentence based on the fact that the BOP deems him ineligible for certain benefits or programs because of his status as a deportable alien.

Particularly in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe Gonzalez's motion as a § 2255 motion. Cf. Castro, 540 U.S. at 383 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). Rather than construing his motion as a § 2255 motion, then, the Court construes it as a motion to reduce sentence pursuant to 18 U.S.C. § 3582.

---

[1] Even if he had raised the same claim in a § 2255 motion, however, his motion likely would have been barred by the applicable statute of limitations.

3

### B.   Motion for Reduced Sentence

Having determined that Gonzalez's motion is properly construed as a motion for reduction of sentence, it is clear that he has not stated grounds entitling him to relief. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). <u>United States v. Bridges</u>, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1), (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed), and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. <u>See</u> § 3582(c). Gonzalez fails to assert grounds for modification that fall into any of the categories above. Thus, this Court is without authority to reduce his sentence.

### III. CONCLUSION

For the foregoing reasons, Gonzalez's "Motion for Sentencing Adjustment" (D.E. 36) is construed as a motion to reduce sentence under 18 U.S.C. § 3582, and is DENIED.

It is so ORDERED this 22 day of Nov , 2006.

_____
HAYDEN HEAD
CHIEF JUDGE